UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-23310-CIV-ALTONAGA/Goodman

**MAK, LLC**,

    Plaintiff,

v.

**MARK VUOZZO**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Mark Vuozzo's Amended Motion to Vacate Judgment [ECF No. 73], filed on November 2, 2021. Plaintiff, Mak, LLC filed its Response in Opposition [ECF No. 75] on November 16, 2021. Curiously, Defendant did not file a reply. After carefully considering the parties' written submissions, the record, and applicable law, Defendant's Motion is granted.

### I. BACKGROUND

Plaintiff filed its Complaint [ECF No. 1] on August 31, 2017, asserting five claims[1] against Defendant: breach of fiduciary duties, fraud, negligent misrepresentation, tortious interference, and negligence. (*See generally id.*). On September 25, 2017, Defendant filed a Motion to Dismiss [ECF No. 17] for lack of personal jurisdiction, followed by an Amended Motion to Dismiss [ECF No. 20] for lack of personal jurisdiction two days later. On October 6, 2017, the Court denied Defendant's Amended Motion to Dismiss and ordered Defendant to answer the Complaint and then-pending Motion for Preliminary Injunction [ECF No. 10]. (*See* Order [ECF No. 27] 19). Defendant filed his Answer [ECF No. 34] on October 20, 2017.

---

[1] Plaintiff also requested a preliminary and permanent injunction in a sixth claim. (*See* Compl. ¶¶ 78–86).

On January 18, 2018, the Court granted Defendant's counsel's Motion to Withdraw [ECF No. 47]. (*See* Order [ECF No. 48] 1). The Order contained three instructions: withdrawing counsel must send Defendant a copy of the Order; the Clerk must remove withdrawing counsel from the CM/ECF service list; and Defendant must either have successor counsel file an appearance or Defendant must file a notice of intent to proceed *pro se* by February 1, 2018. (*See id.*). With no submission from Defendant, the Court issued another Order [ECF No. 49] on February 2, 2018 giving Defendant until February 9, 2018 to file the appropriate notice. (*See id.* 1). Again, Defendant did not comply.

Once the second deadline passed, the Court ordered Plaintiff to file a motion for entry of Clerk's default by February 19, 2018. (*See* Feb. 12, 2018 Order [ECF No. 54] 1). On February 14, 2018, Plaintiff filed its Motion for Entry of Clerk's Default [ECF No. 55]. The Clerk entered Default [ECF No. 56] the following day.

Unbeknownst to the Court and Plaintiff, Defendant had filed a petition for bankruptcy in the United States Bankruptcy Court for the Southern District of California on February 13, 2018 — one day before Plaintiff's Motion for Entry of Clerk's Default. (*See* Notice of Stay [ECF No. 58]; *see also* Resp. 4). The Bankruptcy Noticing Center mailed a Notice of Chapter 7 Bankruptcy Case [ECF No. 75-5] on February 16, 2018, which Plaintiff did not receive until February 20, 2018. (*See* Resp. 4). Upon receiving the Notice, Plaintiff filed a Notice of Stay, and the Court closed the matter pending the outcome of the bankruptcy action. (*See generally* Feb. 20, 2018 Order [ECF No. 59]).

The stay did not last. (*See In re Mark Vuozzo & Oskana G. Vuozzo*, No. 18-00784-CL7, Court Modified Order on Noncontested Mot. Relief Stay [ECF No. 140] filed Sept. 18, 2018 (Bankr. S.D. Cal. 2020) (lifting the stay on the action)). Consequently, on November 13, 2018, Plaintiff filed a Motion to Reopen Case and Set Schedule to Move for Default Final Judgment

[ECF No. 60]. The Court granted Plaintiff's Motion and ordered it to file a motion for default final judgment by November 27, 2018. (*See* Nov. 13, 2018 Order [ECF No. 61] 1). Importantly, the Court also directed Plaintiff to "send a copy of the *motion* to Defendant's counsel or to Defendant, if he does not have counsel[,] [and] [i]n the certificate of service, . . . indicate that notice was sent to Defendant and the address where the notice was sent." (*Id.* 2 (emphasis in original; alterations added)).

The certificate of service in Plaintiff's first Memorandum of Law in Support of Motion for Default Final Judgment [ECF No. 65] stated that Plaintiff "filed the foregoing document with the clerk of the court using CM/ECF, which caused the foregoing document to be served on all counsel of record." (*Id.* 31).[2] Plaintiff knew Defendant had no attorney because Plaintiff premised the Motion on the departure of Defendant's attorney and subsequent failure to respond. (*See id.* 13). The Court rejected Plaintiff's first attempt, citing violations of the Local Rules. (*See* Dec. 26, 2018 Order [ECF No. 67] 1).

Plaintiff's Renewed Motion for Default Final Judgment [ECF No. 68] copied the original certificate of service verbatim. (*See id.* 3). The Court entered Final Judgment [ECF No. 70] for Plaintiff in the amount of $1,847,750.51. (*See id.* 1). Now, almost three years later, Defendant asks that the Court vacate the Final Judgment as void under Federal Rule of Civil Procedure 60(b)(4) and requests attorney's fees and costs. (*See generally* Mot.).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b)(4), "the court may relieve a party . . . from a final . . . order" if "the judgment is void." *Id.* (alterations added). "Voidness for purposes of a 60(b)(4) motion contemplates lack of jurisdiction or defects in due process that deprive a party of

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

3

notice or an opportunity to be heard." *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 737 (11th Cir. 2014) (citation omitted).

"[A] mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4)." *In re Optical Techs., Inc.*, 425 F.3d 1294, 1306 (11th Cir. 2005) (alteration added; citation and quotation marks omitted). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of jurisdictional defect generally have reserved relief for the exceptional case in which the court that rendered judgment lacked even *an arguable basis* for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (emphasis added; citations and quotation marks omitted).

"[W]here service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) (alteration added; citations omitted). However, "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." *Espinosa*, 559 U.S. at 275 (alteration added).

### III.   DISCUSSION

Defendant's Motion boils down to two arguments. First, Plaintiff sought default, and the Clerk entered such default against Defendant in violation of the automatic stay of 11 U.S.C. section 362(a). Second, the Court violated Defendant's procedural due process rights when it entered final Default Judgment despite Plaintiff's failure to serve Defendant. The Court addresses each in turn.

***Violation of Stay***. Defendant argues that Plaintiff's Motion for Entry of Clerk's Default and the Clerk's subsequent entry of Default violated 11 U.S.C. section 362(a). (*See* Mot. 4–6). This argument contains an implicit premise that section 362(a) divested the Clerk, as an extension of the Court, of jurisdiction to enter default against him. (*See id.*). Further, Defendant contends the Clerk's and Plaintiff's violations entitle him to attorney's fees and costs under 11 U.S.C. section 362(k)(1). (*See id.* 9 (citing 11 U.S.C. § 362(k)(1)). Defendant's position is unavailing.

4

Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1) (alterations added). The stay takes effect immediately upon the filing of the petition. *Cf. In re Williford*, 294 F. App'x 518, 521 (11th Cir. 2008). "Actions taken in violation of the automatic stay are void and without effect." *United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006) (citations and quotation marks omitted). An exception exists for "ministerial acts or automatic occurrences that entail no deliberation, discretion, or judicial involvement . . . [and thus,] do not constitute continuations of such a proceeding." *Roberts v. C.I.R.*, 175 F.3d 889, 897 (11th Cir. 1999) (alterations added; citations omitted).

As a reminder, federal courts considering a Rule 60(b)(4) motion based on voidness for lack of jurisdiction need have only an "arguable basis" for jurisdiction. *See, e.g.*, *Espinosa*, 559 U.S. at 271 ("Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of jurisdictional defect generally have reserved relief [if] . . . the court that rendered judgment lacked even *an arguable basis* for jurisdiction." (alterations and emphasis added; citations and quotation marks omitted)). In granting Plaintiff's Motion for Entry of Clerk's Default, the Clerk had, at the very least, "an arguable basis" for jurisdiction: the Motion and the Clerk's entry of default constituted "ministerial acts" that fell outside the automatic stay provision. A common theme appears in decisions evaluating whether judicial proceedings constitute ministerial acts: judicial actions that are taken after a judgment or order on the merits and are collateral to the merits fall within the ambit of ministerial conduct. *See, e.g.*, *Corley v. Fairbanks Morse Pump Corp.*, No. 2:09-cv-01812, 2017 WL 6884339, at *3 (N.D. Ala. Dec. 7, 2017) (entering final judgment after a court granted summary judgment for the defendants was a

5

ministerial act of the clerk), *report and recommendation adopted by* 2018 WL 333836 (N.D. Ala. Jan. 9, 2018), *aff'd sub nom Corley v. Long-Lewis*, 965 F.3d 1222 (11th Cir. 2020).[3]

*Corley* is a fitting example. There, the court considered whether it could direct the clerk of court to enter final judgment after a defendant obtained a stay under 11 U.S.C. section 362(a). *See Corley*, 2017 WL 6884339, at *3. The court held that the entry of final judgment constituted a ministerial act of the clerk. *See id.*

Following a failed appeal, the plaintiffs asked the lower court to enter final judgment so that they could reappeal to the Eleventh Circuit. One of the defendants, however, had obtained a stay under 11 U.S.C. section 362(a). *See id.* at *2. Rejecting the defendant's argument that the clerk's entry of final judgment would "continue proceedings" for purposes of section 362(a), the court directed the clerk to enter final judgment. *Id.* at *3 (quotation marks and citations omitted). The court reasoned that the clerk's entry of final judgment would not "commence" or "continue proceedings" for purposes of section 362(a) because the clerk's entry only finalized the existing judgment. *Id.* (quotation marks and citations omitted). Thus, the clerk's entry of final judgment "constituted no more than a 'ministerial act' of the Clerk" not subject to section 362(a). *Id.* (quotation marks and citations omitted).

Like *Corley*, none of the at-issue conduct "commence[d]" or "continue[d]" proceedings. 11 U.S.C. § 362(a) (alterations added). The Clerk's Entry of Default did not address the merits of the dispute. *See Roberts*, 175 F.3d at 897 ("[A] judicial proceeding within the meaning of section

---

[3] *See also Gulf Refining Co. of La. v. United States*, 269 U.S. 125, 136 (1925) (rendering judgment for precise sums set forth in stipulations was a ministerial duty); *Turner v. Orr,* 759 F.2d 817, 820 (11th Cir. 1985) (calculating back pay and seniority of employee was purely ministerial), *cert. denied*, 478 U.S. 1020 (1986); *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1548 (11th Cir. 1996) (entering $500 offset against the IRS pursuant to a final order constituted a ministerial act); *Roberts*, 175 F.3d at 897 ("running of the 90–day period for filing a notice of appeal and the resulting finality of the Tax Court's decision" were ministerial (citations omitted)); *Beste v. Lewin*, 488 B.R. 663, 669 (N.D. Cal. 2012) (holding that enforcing a vexatious litigant order constituted ministerial conduct).

362(a) ends once a decision on the merits has been rendered[.]" (alterations added; citations and quotation marks omitted)). Rather, it addressed a collateral issue, *i.e.*, Defendant's failure to appear before the Court.[4]

Nor did Plaintiff's filing of the Motion violate the stay. *Corley* demonstrates that the filing of a motion, alone, does not necessarily commence or continue proceedings. *See* 2017 WL 6884339, at *3. If anything, the situation here is less indicative of a Plaintiff commencing or continuing proceedings than that in *Corley*. Before Defendant obtained the stay, the Court ordered Plaintiff to seek entry of default from the Clerk. (*See* Feb. 12, 2018 Order 1). Plaintiff's failure to comply could have violated the Court's instructions. Contrast this with *Corley*, where the plaintiffs had full discretion to file their motion without the risk of contempt and did so after the defendant had obtained a stay. *See* 2017 WL 6884339, at *2.

At a minimum, there is an "arguable basis for jurisdiction." *Espinosa*, 559 U.S. at 271 (quotation marks and citation omitted). Defendant's failure to identify any conduct that "commence[d]" or "continue[d]" proceedings forecloses his argument that Plaintiff and the Clerk violated the stay. 11 U.S.C. § 362(a) (alterations added). Rather, Plaintiff's filing and the Clerk's entry of Default constitute ministerial actions not subject to the stay. Without a showing that Plaintiff or the Clerk violated the stay, Defendant's claim for attorney's fees and costs under 11 U.S.C. section 362(k)(1) is denied.

***Violation of Due Process***. Next, Defendant argues that Plaintiff's failure to serve a copy of the Renewed Motion for Default Final Judgment on him deprived him of notice and,

---

[4] Even if the entry of Default violated the stay, at least one circuit court has held that "the bankruptcy court's order lifting the stay cured any defect." *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990). *But see Bronson v. United States*, 28 Fed. Cl. 756, 759 n.2 (Fed. Cl. 1993) (observing that the Fifth Circuit is the only circuit to conclude that actions taken in violation of the stay are *voidable*, rather than void *ab initio*, and thus capable of being cured). Without wading into the persuasiveness of the Fifth Circuit's minority position, *Picco*, at a minimum, provides "an arguable basis for jurisdiction" for purposes of a Rule 60(b)(4) motion. *Espinosa*, 559 U.S. at 271 (quotation marks and citation omitted).

consequently, procedural due process. (*See* Mot. 7–9). According to Plaintiff, due process does not require service upon Defendant, and even if it did, Plaintiff perfected service when it filed its Renewed Motion for Default Final Judgment on the Court's electronic case management system, CM/ECF. (*See* Resp. 15–16). Before explaining why Plaintiff's argument fails, it is worth pausing to review the requirements to obtain a final default judgment.

A party can obtain default judgment against a party who "fail[s] to plead or otherwise defend" against a lawsuit. Fed. R. Civ. P. 55(a) (alteration added). To do so, the party seeking default must first file for entry of default from the clerk of court. *See id.* Upon obtaining entry of default, the party must then seek entry of final judgment from the clerk or the court. *See id.* 55(b). The clerk can enter a final default judgment if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation[.]" *Id.* 55(b)(1) (alteration added). If the sum is not certain, the party seeking default must apply to the court for final judgment. *See id.* 55(b)(2).

A written application to the court "must be served with written notice of the application at least 7 days before the hearing" on a defaulting party who has appeared "personally or by a representative[.]" *Id.* (alteration added). A party seeking default judgment does not need to serve a defaulting party who has *not* appeared in the matter. *See id.*; *see also Davies v. MidWestern Corp.*, 214 F.R.D. 699, 700 n.2 (M.D. Fla. 2003).

The parties do not dispute that Plaintiff failed to mail a physical copy of its Renewed Motion for Default Final Judgment to Defendant. Instead, Plaintiff argues that the service requirement in Rule 55(b)(2) does not apply because Defendant failed to appear in the action. (*See* Resp. 15).

"The appearance required by . . . rule [55(b)(2)] has been broadly defined, and not limited to a formal court appearance." *Charlton L. Davis & Co., P.C. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977) (alterations added and citations omitted). "The defendant must simply

8

manifest a clear intention to defend." *S.E.C. v. Getanswers, Inc.*, 219 F.R.D. 698, 700 (S.D. Fla. 2004) (collecting cases).

Here, Defendant exhibited an explicit intent to defend: he filed a Motion to Dismiss; he submitted a Joint Scheduling Report [ECF No. 28] with Plaintiff; and he filed an Answer after the Court denied his Motion to Dismiss. Either the Answer or Motion to Dismiss, alone, is sufficient to establish that Defendant appeared before the Court for purposes of Rule 55(b). *See, e.g.*, *Wakefield v. City of Pembroke Pines*, No. 05-61536-Civ, 2005 WL 8154853, at *2 (S.D. Fla. Dec. 15, 2005) (concluding that the filing of a motion to dismiss or answer constitutes an appearance). Moreover, binding Circuit authority establishes that a defendant who files an answer before his attorney withdraws from the matter does not obviate the notice requirements of Rule 55(b). *See Bass v. Hoagland*, 172 F.2d 205, 209 (5th Cir. 1949) ("If the plaintiff wished to present it to the court as in default, he was bound to notify the defendant or his counsel three days in advance of the hearing. Rule 55(b)(2) [sic]. The withdrawal of counsel did not make the notice unnecessary, but made it servable on the defendant instead of his counsel." (citation omitted)). Suffice it to say, Defendant's filings constituted an appearance sufficient to trigger the service requirements of Rule 55(b)(2).

Plaintiff next argues that even if Rule 55(b)(2) applied, Defendant received automatic electronic service when Plaintiff filed its Renewed Motion for Default Final Judgment on CM/ECF. (*See* Resp. 15–16). This is wrong. Defendant's email is not listed on CM/ECF, so he does not receive electronic notices of filings. Had Plaintiff checked CM/ECF, it would have discovered that Defendant's home address is the only address listed.[5]

---

[5] Plaintiff also argues that notice is satisfied because Plaintiff served Defendant's former counsel. (*See* Resp. 15 ("Plaintiff obeyed the Court's direction by serving Defendant electronically at the last (and only) address he provided to Plaintiff and the Court for service — the electronic address of his prior counsel.")). Had Plaintiff paid closer attention to the Court's Order granting defense counsel's motion to withdraw, it

Still, Plaintiff apparently believes that it "serv[ed] Defendant electronically at the last (and only) address he provided to Plaintiff and the Court for service[.]" (*Id.* 15 (alterations added)). Plaintiff should note that the Local Rules only require an attorney provide an email address to the Clerk of the Court; whereas, a party appearing *pro se* need only provide a physical address. *See* S.D. Fla. L. R. 11.1(g) ("Each attorney shall update contact information including e-mail address . . . . A party appearing *pro se* shall conventionally file a Notice of Current Address with updated contact information[.]" (alterations added)).[6]

Adding insult to injury, Plaintiff also simply ignored the Court's two Orders directing it to send a copy of the motion directly to Defendant. (*See* Feb. 16, 2018 Order [ECF No. 57] 2 ("Plaintiff shall send a copy of the *motion* to Defendant's counsel, or to Defendant if he does not have counsel. In the certificate of service, Plaintiff shall indicate that notice was sent to Defendant and the address or addresses where notice was sent." (emphasis in original)); Nov. 13, 2018 Order 2 (same)). To argue that Defendant had sufficient notice in the absence of any service borders on frivolity considering Plaintiff's ample notice of, yet failure to satisfy, the service requirements outlined in Rule 55(b)(2) and the Court's two Orders. The Court cannot deny Defendant the requested relief knowing he never received actual notice of Plaintiff's Renewed Motion for Default Final Judgment. Thus, the Order granting Final Default Judgment is vacated.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant, Mark Vuozzo's

---

would have realized that the Court directed the Clerk to remove defense counsel from the service list on CM/ECF. (*See* Jan. 18, 2018 Order 1 ("The Clerk is directed to remove Michael D. Stewart from the CM/ECF service list of this case.")).

[6] Somehow Plaintiff also believes that the following provision of Local Rule 11.1(g) obviates its physical service requirements: "All Court Orders and Notices will be deemed to be appropriately served if directed either electronically or by conventional mail consistent with information on file with the Clerk of Court." (Resp. 1–16 (quoting S.D. Fla. L.R. 11.1(g) (quotation marks and footnote call number omitted)). Notwithstanding that this excerpt clearly applies to "Court Orders and Notices," not parties' motions, Plaintiff should know that when Local Rules conflict with the Federal Rules of Civil Procedure, the latter control. *See Brown v. Crawford Cnty., Ga.,* 960 F.2d 1002, 1008–09 (11th Cir. 1992).

Amended Motion to Vacate Judgment **[ECF No. 73]** is **GRANTED**.  The Order granting Final Default Judgment **[ECF No. 69]** is **VACATED**.  The Clerk of the Court is instructed to **REOPEN** the case.

Defendant has until **December 27, 2021** to move to have the Clerk's Entry of Default **[ECF No. 56]** set aside.  If Defendant fails to comply with this deadline, Plaintiff shall file a corrected motion for default final judgment no later than **December 29, 2021**.

**DONE AND ORDERED** in Miami, Florida, this 21st day of December, 2021.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record